1  Tim L. Johnson CA Bar No. 265794
   tim.johnson@ogletree.com
2  Jesse C. Ferrantella CA Bar No. 279131
   jesse.ferrantella@ogletree.com
3  Cameron O. Flynn CA Bar No. 301830
   cameron.flynn@ogletree.com
4  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
5  4370 La Jolla Village Drive, Suite 990
   San Diego, CA  92122
6  Telephone:  858-652-3100
   Facsimile:   858-652-3101
7
   Attorneys for Defendant GXO LOGISTICS SUPPLY
8  CHAIN, INC.

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12 ANTHONY CARLOS, individually,        Case No. TBD
   and on behalf of all others similarly
13 situated,                            **DEFENDANT'S NOTICE OF**
                                        **REMOVAL OF CIVIL ACTION TO**
14          Plaintiff,                  **UNITED STATES FEDERAL COURT**

15      v.                              [28 U.S.C. §§ 1332(D) (CLASS ACTION
                                        FAIRNESS ACT) AND 1446]
16 GXO LOGISTICS SUPPLY CHAIN,
   INC., a California corporation; and  *[Filed concurrently with Civil Cover*
17 DOES 1 through 10, inclusive,        *Sheet; Notice of Interested Parties; and*
                                        *Declarations of Waite Hamrick and Jesse*
18          Defendant.                  *C. Ferrantella]*

19

20                                      Complaint Filed: January 4, 2022
                                        Trial Date:        Not Set
21

22

23

24

25

26

27

28

                                                        Case No. TBD

Defendant GXO LOGISTICS SUPPLY CHAIN, INC. ("GXO LSC") removes this putative class action to the United States District Court for the Central District of California under 28 U.S.C. § 1332(d) (the Class Action Fairness Act ["CAFA"]) and § 1446 because (1) GXO LSC is a citizen of a state different than Plaintiff; (2) the number of members of all proposed classes in the aggregate is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. All CAFA requirements are satisfied.

The foregoing facts were true when Plaintiff filed his Class Action Complaint ("Complaint") and remain true as of the date of filing this Notice of Removal. Removal jurisdiction is therefore appropriate as detailed more fully below.

## I.   STATE COURT ACTION

1.    Plaintiff filed his Complaint on January 4, 2022 in the Riverside County Superior Court ("Action"). The Action was assigned Case No. CVRI2200025 (Declaration of Jesse C. Ferrantella ["Ferrantella Decl."], ¶ 2; Ex. 1, Complaint.) A copy of the Complaint is attached as **Exhibit 1**.

2.    Plaintiff served GXO LSC with the Complaint on February 3, 2022. (Ferrantella Decl. ¶ 2, Ex. 1.)

3.    GXO LSC then filed its Answer to Plaintiff's Complaint in the Riverside County Superior Court on March 4, 2022. (Ferrantella Decl., ¶ 3; Ex. 2, Answer.) A copy of the Answer is attached as **Exhibit 2**.

## II.   REMOVAL IS TIMELY

4.    Under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), GXO LSC's deadline to remove the Action is March 7, 2022. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999). This removal is timely.

## III.   REMOVAL IS PROPER UNDER CAFA

5.    Removal is proper given Plaintiff's allegations and claims. Plaintiff's Complaint asserts failure to:  (1) pay all wages; (2) pay overtime wages; (3) pay all overtime wages; (4) provide rest periods and pay missed rest period premiums; (5)

1  indemnify business expenses, (6) timely pay final wages; and (7) provide accurate

2  itemized wage statements. (Ex. 1, Complaint.). Plaintiff also alleges unfair business

3  practices. (*Id.*)

4        6.    CAFA grants district courts original jurisdiction over civil class action

5  lawsuits filed under federal or state law in which (1) any member of a class of

6  plaintiffs is a citizen of a state different from any defendant; (2) the number of

7  members of all proposed plaintiff classes in the aggregate is over 100; and (3) the

8  matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests

9  and costs. 28 U.S.C. § 1332(d). CAFA authorizes such removal under 28 U.S.C. §

10  1446.

11        7.    This Court has original jurisdiction over the Action under CAFA because

12  it is a civil case filed as a class action wherein at least one member of the putative

13  class is a citizen of a State different from GXO LSC, the number of individuals in the

14  proposed classes in the aggregate is over 100, and the matter in controversy exceeds

15  $5,000,000, exclusive of interest and costs.

16       **A.**    **CAFA's Diversity of Citizenship Requirement is Satisfied**

17        8.    CAFA's diversity requirement is satisfied "so long as 'any member of a

18  class of plaintiffs is a citizen of a State different from any defendant.'" *Bradford v.*

19  *Bank of Am. Corp.*, No. CV 15-5201-GHK (JCX), 2015 WL 5311089, at *3 (C.D.

20  Cal. Sept. 10, 2015) (citing *California v. IntelliGender, LLC*, 771 F.3d 1169, 1172

21  (9th Cir. 2014)); 28 U.S.C. §§ 1332(d)(2), 1453(a), (b).

22        9.    Plaintiff Anthony Carlos is a resident of the State of California within the

23  meaning of 28 U.S.C. § 1332(a). (Ex. 1, Complaint, ¶ 7; Declaration of Waite

24  Hamrick ("Hamrick Decl.") ¶ 6.)

25       10.    At all relevant times, GXO LSC has been a citizen of North Carolina.

26  Under 28 U.S.C. § 1332(c)(1), a corporation shall be deemed to be a citizen of every

27  State and foreign state in which it has been incorporated and of the State or foreign

28  state where it has its principal place of business. A company's "'principal place of

business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). The "nerve center" is normally where the corporation maintains its headquarters. *Id*.

11.    At all relevant times, GXO LSC has been a company organized under the laws of North Carolina, with its principal place of business there too. GXO LSC's principal place of business is North Carolina because operations are directed, controlled, and managed out of its offices there. GXO LSC has not been incorporated in California and has not had its headquarters, executive offices, or principal place of business in California. (Hamrick Decl. ¶ 2.) Accordingly, GXO LSC is a citizen of North Carolina, and not a citizen of California. (*See id.*)

12.    Minimal diversity is established because Plaintiff is a citizen of California and GXO LSC is not; it is a citizen of North Carolina. Removal is therefore proper under 28 U.S.C. § 1332(d). *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

**B.    CAFA's Class Size Requirement Is Satisfied**

13.    Plaintiff brings the Action pursuant to California Code of Civil Procedure § 382 on behalf of the following class ("Class"):

> All persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

(Ex. 1, Complaint, ¶ 23.)

14.    While GXO LSC disputes Plaintiff's allegations, from January 4, 2018, through the date of the Hamrick Declaration (March 7, 2022), GXO LSC employed, in the aggregate, at least 4,738 non-exempt employees in the putative class. (Hamrick Decl. ¶ 3.) Thus, CAFA's size requirement is satisfied.

Case No. TBD
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES FEDERAL COURT

### C.      CAFA's Requisite $5 Million Amount in Controversy Is Satisfied

15.      CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

16.      Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). Courts look to the allegations in the complaint in determining the amount in controversy. *LaCross v. Knight Trans. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) ("[O]ur first source of reference in determining the amount in controversy [is] plaintiff's complaint"). "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Central Freight Lines, Inc.*, 692 F. App'x 806 (9th Cir. 2017).

17.      Plaintiff seeks the recovery of meal and rest period premium pay, unpaid wages (including overtime wages), itemized wage statement penalties, and waiting time penalties, on behalf of himself and the putative classes. (*See* Ex. 1, Complaint.) The Complaint, on its face based on the allegations in it, satisfies the $5 million threshold for CAFA removal.[1] *See* 28 U.S.C. § 1332(d).

#### 1.      Relevant Putative Class Data

18.      Plaintiff seeks to certify various classes from January 4, 2018 to the present. From January 4, 2018 to the Notice of Removal, GXO LSC employed, in the aggregate, at least 4,738 non-exempt employees in California. Those employees

---

[1] In alleging the amount in controversy for purposes of CAFA, GXO LSC does not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint. Nor does GXO LSC concede that any or all putative class members are entitled to any recovery in this case, or are appropriately included in the action. GXO LSC also does not concede Plaintiff can bring his claims on class or representative basis.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES FEDERAL COURT

worked approximately 224,451 workweeks or at least 113,408 pay periods. The average hourly rate during the alleged class period is $18.25. (Hamrick Decl., ¶ 3.)

19. From January 4, 2019, to the present, GXO LSC terminated at least 2,182 non-exempt employees in California. The average hourly rate during the alleged class period is $18.25. This equals an average daily rate (8 hours) of approximately $146.00. (Hamrick Decl., ¶ 4.)

20. From January 4, 2021, to the present, GXO LSC issued at least 57,364 wage statements to at least 3,714 non-exempt employees in California. (Hamrick Decl., ¶ 5.)

### 2.   <u>Waiting Time Penalties</u>

21. Plaintiff alleges that "Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be. However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ." (Ex. 1, Complaint, ¶ 63.) Plaintiff alleges "Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202." (*Id*. at ¶ 64.) Plaintiff further alleges "Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203." (*Id.* at ¶ 66; see also prayer for relief, ¶¶ 30-34.)

22. California Labor Code section 203 provides "[i]f an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate

until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010). The limitations period for such waiting time penalty claims is three years. *Id.* at 1400.

23.   From January 4, 2019, to the present, GXO LSC terminated at least 2,182 non-exempt employees in California. The average hourly rate during the alleged class period is $18.25. This equals an average daily rate (8 hours) of approximately $146.00. (Hamrick Decl., ¶ 4.)

24.   Therefore, based on Plaintiff's allegations, the amount in controversy for waiting time penalties is at least **$9,557,160** ($18.25 per hour x 8 hours x 30 days x 2,182 putative class members). *See Crummie v. CertifiedSafety, Inc.*, No. 17-CV-03892-RS, 2017 WL 4544747, at *3 (N.D. Cal. 2017) (finding it "completely reasonable" for the defendant to assume the maximum, 30-day period of waiting time penalties where the allegations support the assumption); *Marentes v. Key Energy Servs. Cal., Inc.*, No. L13–CV–02067 AWI, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015) (where "wages are alleged to have not been paid, the full thirty days may be used for each of the putative class members."). Even if the amount were somehow reduced by 45%, the amount in controversy easily exceeds the $5 million threshold.

### 3.   Further Data

25.   For purposes of this removal, waiting time penalties alone are more than sufficient to support the required $5 million threshold amount in controversy. However, GXO LSC has provided data sufficient to calculate and support, based on Plaintiff's allegations, an even greater amount in controversy based on alleged wage statement penalties, meal period penalties, rest period penalties, and Plaintiff's other claims. (Hamrick Decl., ¶¶ 3-5.) There is no doubt that, as alleged, the amount in controversy exceeds the requisite threshold.

### 4.   Attorney Fees

26.   Based on the above, GXO LSC has demonstrated there is at least **$9,557,160** in controversy in waiting time penalties alone.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES FEDERAL COURT

27.   Plaintiff also seeks attorney fees in connection with the above claims. (Ex. 1, Complaint, Prayer for Relief ¶ 33.) In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Altamirano v. Shadow Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *13 (N.D. Cal. Jan. 14, 2013) (including 25% attorney's fees to increase the amount-in-controversy to above $5 million CAFA threshold).

28.   Assuming an award of attorney fees in the benchmark amount of 25% of the total recovery, the amount in controversy for such fees is **$2,389,290** ($9,557,160 x 0.25).

**5.   Summary**

29.   Based on Plaintiff's allegations, the amount in controversy is at least **$11,946,450** ($9,557,160 + $2,389,290). Even excluding Plaintiff's other claims, including wage statement penalties, meal period penalties, rest period penalties, and overtime wages and minimum wages, the Complaint easily satisfies the $5 million threshold.

**IV.   VENUE IS PROPER IN THIS COURT**

30.   Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of Riverside is within the Central District of California. 28 U.S.C. § 84(c)(1).

As such, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

31.   Under 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the Declaration of Jesse Ferrantella, and Exhibits 1 to 2, which constitute a copy of all processes, pleadings, and orders provided to GXO LSC.

32.   As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely as Plaintiff served GXO LSC on February 3, 2022.

33.   As required by 28 U.S.C. §1446(d), GXO LSC provided Notice of Removal to Plaintiff through their attorneys of record.

34.   As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of Riverside.

35.   If this Court has a question regarding the propriety of this Notice of Removal, GXO LSC respectfully requests it issue an Order to Show Cause so it may have an opportunity to provide additional briefing on the grounds for this removal, including further detail regarding the full amount in controversy.

## V.   **CONCLUSION**

36.   For the foregoing reasons, GXO LSC removes the above-entitled action to the United States District Court for the Central District of California.

DATED: March 7, 2022                    OGLETREE, DEAKINS, NASH, SMOAK &
                                        STEWART, P.C.


                                   By:  */s/ Tim L. Johnson*
                                        Tim L. Johnson
                                        Jesse C. Ferrantella
                                        Cameron O. Flynn
                                        Attorneys for Defendant GXO
                                        LOGISTICS SUPPLY CHAIN, INC.